# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHASE A. HENDERSON et al.,<br><br>　　　　　Defendants. | 3:15-cr-00080-RCJ-VPC<br><br>**ORDER** |

　　　　Defendants have been indicted for conspiracy to interfere with commerce by robbery, interference with commerce by robbery, and brandishing a firearm during a crime of violence. The Government has moved for leave to consume physical evidence in furtherance of the investigation. Specifically, the Government asks to consume the entirety of five DNA swabs taken at or near the crime scene based on its expert's assessment that consumption of the entire samples is necessary to produce useful DNA profiles. Defendant Robinson asks only that the Government be ordered to use an independent lab with both parties' experts present during the testing, in accordance with ABA recommendations.

　　　　The Court denies the motion because there is no ripe issue for the Court to adjudicate. That is not to say that the Government may not conduct the requested consumptive testing; it is to say that the Government requires no prior permission, and the Court will not advise the

Government prospectively as to whether the requested testing would violate due process in the absence of factual allegations by a Defendant raising such an issue.

The relevant case law, *Arizona v. Youngblood*, 488 U.S. 51 (1988), concerns remedies to be imposed where the Government has lost or destroyed evidence in bad faith, e.g., suppression of evidence, adverse inference instructions, or perhaps vacation of conviction, depending on when a defendant discovers evidence of bad faith and makes his motion. The *Youngblood* Court ruled that due process is not offended by failure to preserve "potentially useful" evidence, as opposed to "exculpatory" evidence under *Brady*, absent bad faith by the Government. *See id.* at 57–58. The Court is aware of no criminal rule or common law procedural requirement for the Government to obtain permission to consume evidence in the first instance, however, and the Court cannot issue an advisory opinion. If a Defendant later believes the state has acted in bad faith in failing to preserve potentially useful evidence, he may seek an appropriate remedy depending on the stage of the proceedings. But the Government cannot ask a court to advise it prospectively as to whether its consumption of evidence would necessarily satisfy *Youngblood*. If there is no bad faith, such a ruling is unnecessary, and if bad faith is later discovered, a ruling in the Government's favor now will not insulate it from an appropriate defense motion later. Bad faith need not be discovered or shown before the destruction of the material. It need only be shown (whenever discovered by a defendant) that the Government acted in bad faith at the time the evidence was destroyed, i.e., that it knew of the exculpatory value of the evidence before its destruction. *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015) (citing *Youngblood*, 488 U.S. at 56 n.*; *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993)). Just because there is no evidence of bad faith now, does not mean Defendants may not discover it later. The Court will not make a *Youngblood* ruling in the absence of allegations of bad faith destruction of evidence by a Defendant.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Consume Evidence (ECF No. 30) is DENIED.

IT IS SO ORDERED.

DATED: March 30, 2016.

 _____
 ROBERT C. JONES
 United States District Judge